UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **SABINA LUNA VALDEZ**<br>      **FED. REG. NO. 46413-179**<br>**VS.** | **CIVIL ACTION NO. 6:13-cv-2376**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY**  |
| **UNITED STATES MARSHAL**<br>**SERVICE, ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Sabina Luna Valdez, proceeding *in forma pauperis*, filed the instant complaint on July 25, 2013.  When she filed the complaint she was an inmate in the custody of the Federal Bureau of Prisons (BOP) confined at the Federal Medical Center, Carswell, in Fort Worth, Texas; she later advised the Court of her release. [Doc. 3]

This complaint presents separate but related causes of action – (1) a civil rights complaint filed pursuant to 42 U.S.C. §1983 against (a) four unnamed employees of the Louisiana Department of Corrections and, (b) Iberia Parish Sheriff Louis Ackal, and his Deputies – (c) Warden Hayes and (d) Captain Hayes of the Iberia Parish Jail (IPJ); and, (2) a civil rights complaint filed pursuant to *Bivens*[1] against (a) an unnamed BOP employee employed at the Oklahoma Transfer Center, (b) an unnamed medical employee of the United States Marshal Service employed at the Oklahoma Transfer Center and, (c) four unnamed employees of the

---

[1] In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC §1983.

United States Marshal Service in Lafayette.[2]

All of these claims arose during the period of time when plaintiff and her daughter, Maria Aide Delgado were transported from the Federal Medical Center in Fort Worth to the Western District of Louisiana to testify in the criminal prosecution of Antonio Luna Valdez.[3] Plaintiff complains about events that occurred between January 30 – February 1, 2012 when she was transported from her place of confinement to the IPJ and, the period between February 1 – March 6, 2012 when she was confined in the IPJ. She complains about conditions of confinement at the IPJ and the denial of appropriate medical care, both during her transit and during her incarceration at IPJ.

*Law and Analysis*

*1. Screening*

When she filed this complaint, plaintiff was a prisoner who had been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, her complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because she is proceeding *in forma pauperis,* her complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon

---

[2] Plaintiff has also provided evidence of her attempts to exhaust administrative remedies with the Department of Justice and the United States Marshals Service [see Doc. 1-2], however, her complaint does not assert a claim under the FTCA. Nevertheless, plaintiff's hypothetical FTCA claims are addressed in Part 5, below.

[3] See *U.S.A. v. Antonio Luna Valdez, Jr.,* No. 6:06-cr-60074 at Doc. 1029.

which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Limitations*

The district court is authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a §1983 action or a *Bivens* action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir.1999). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."

3

*Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff complains about conditions and circumstances that arose between January 30 (the date she began her journey to the Western District of Louisiana to testify in the criminal trial of her kinsman) and March 6, 2012 (when she was returned to the Federal prison in Texas). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art. 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff was clearly aware of her claims on March 6, 2012, the date she was ultimately returned to her accustomed place of confinement. Plaintiff therefore had one year from March 6, 2012 within which to timely file her complaint, or until March 6, 2013. Plaintiff's civil rights complaint against the four unknown Louisiana Department of Corrections employees, Sheriff Ackal, and his deputies, Warden Hayes and Captain Hays and his *Bivens* complaint against the four unknown deputy Marshals in the Western District of Louisiana was signed, and thus filed, on July 25, 2013 clearly beyond the 1-year period of limitations and therefore subject to being dismissed as frivolous.

### 3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law, does not justify equitable tolling. See *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478

(5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue her legal claims. *See Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness); *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights") Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

**4. Venue**

Plaintiff has also asserted *Bivens* claims against an unnamed employee of the BOP and an unnamed medical employee of the United States Marshals Service. According to the complaint, these defendants allegedly violated plaintiff's rights during plaintiff's brief stay at the

Oklahoma Transfer Center in Oklahoma City.

Venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b). *See Stafford v. Briggs*, 444 U.S. 527, 542–45, 100 S.Ct. 774, 784–85, 63 L.Ed.2d 1 (1980). Section 1391(b) permits venue only in the judicial district where any defendant resides, if all the defendants reside in the same State, or where a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be found, if there is no district where the action may otherwise be brought. Clearly venue as to these defendants is improper and plaintiff's claims against the unnamed BOP employee and unnamed Marshals Service medical employee must likewise be dismissed.

## 5. *Federal Torts Claim Act*

As noted above, plaintiff provided evidence of her exhaustion of Federal Tort Claims Act (FTCA) claims, however, her complaint nowhere invokes jurisdiction pursuant to the Act. Nevertheless, even if allowed to amend her complaint to include the FTCA claims, the complaint would be subject to dismissal for the following reasons:

Venue is improper with regard to any proposed FTCA claims against the United States with regard to the allegedly negligent acts of the unnamed BOP and USMS employees at the Federal Transfer Center in Oklahoma.[4] The FTCA allows for two alternative forums of proper venue: (1) "the judicial district where a plaintiff resides" and (2) the judicial district "wherein the act or omission complained of occurred." See 28 U.S.C. § 1402(b). The plaintiff apparently resides in Texas; the alleged acts or omissions complained of occurred in Texas and Oklahoma.

---

[4] Plaintiff claimed that the BOP employee and the USMS employee refused to allow her to bring her "seated walker" on the airplane which transported her to the Western District of Louisiana. [Doc. 1-2, pp. 4-6]

Therefore, to the extent that plaintiff has asserted a claim against the United States under the FTCA with respect to the events in Oklahoma City, such claims must be dismissed without prejudice as having been filed in a court of improper venue.

On the other hand, to the extent that plaintiff seeks to assert FTCA claims against the United States with regard to the conditions of confinement in the IPJ, such claims would be subject to dismissal with prejudice for failing to state a claim for which relief my be granted. The FTCA provides a limited waiver of sovereign immunity by the United States from suit for claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). However, under the discretionary function exception, the waiver of sovereign immunity does not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); see *Guile v. United States*, 422 F.3d 221, 229 (5th Cir.2005).

The USMS's decision with regard to plaintiff's placement at the IPJ is protected by the discretionary function exception since the determination of where to house a prisoner is discretionary. See for example 28 C.F.R. §0.111(o) which provides, "The Director of the United States Marshals Service shall direct and supervise all activities of the U.S. Marshals Service including: ... (o) [a]cquisition of adequate and suitable detention space, health care and other services and materials required to support prisoners under the custody of the U.S. Marshal who

are not housed in Federal facilities."[5]

Further, pursuant to 28 U.S.C. §§ 1346(b), 2401(b), and 2671 *et seq*., compensable FTCA claims arise only from the negligent or wrongful acts or omissions of an employee of the United States while acting within the scope of his employment. In *Logue v. United States*, 412 U.S. 521 (1973), the Supreme Court observed that Congress not only authorized the Government to make contracts between federal agencies and local jails with regard to the temporary placement of federal prisoners, but also contemplated that the day-to-day operations of the contractor's facilities were to be in the hands of the contractor, with the Government's role limited to the payment of sufficiently high rates to induce the contractor to do a good job; such agreements give the United States no authority to physically supervise the conduct of the jail's employees. As such, as was the case in *Logue*, *supra*, the placement of plaintiff in the IPJ cannot be shown to be

---

[5] Section 0.111(o) gives the Marshals Service absolute discretion with regard to the housing of prisoners. See for example *Saunders v. United States*, 502 F.Supp.2d 493 (E.D.Va. 2007) where the Court observed:

"If the statute, regulation, or agency guideline relied upon 'permits a government agent to exercise discretion, 'it must be presumed that the agent's acts are grounded in policy when exercising that discretion.' *Suter v. United States*, 441 F.3d 306 at 312 (4th Cir. 2006), (quoting *United States v. Gaubert*, 499 U.S. 315, 324, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)).

Section 0.111( o ) of Title 28 of the Code of Federal Regulations clearly requires that the Director of the Marshals Service exercise his judgment when selecting which non-federal facilities will house federal prisoners. This grant of authority is open-ended. It does not limit or guide the selection of a facility in any way so long as the space is adequate, suitable, 28 C.F.R. § 0.111( o ), and meets minimum compliance criteria, 18 U.S.C. § 4013(c). This open-ended authority recognizes the Marshals Service's need 'to weigh concerns of expense, administration, payment, access to the premises, and a veritable plethora of factors before arriving at the decision to engage' the [local prison]. *Williams v. United States*, 50 F.3d 299 at 310. As such, the discretional authority exception applies. The FTCA does not waive sovereign immunity for [plaintiff's] claim that the Marshals Service was negligent in placing him in an unsafe facility."

a "negligent or wrongful act or omission" on the part of the Marshals Service.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 with respect to the following defendants – (1) four unnamed employees of the Louisiana Department of Corrections, (2) Sheriff Louis Ackal; (4) Warden Hayes and Captain Hayes be **DISMISSED WITH PREJUDICE** as frivolous because those claims are prescribed;

**IT IS FURTHER RECOMMENDED** that plaintiff's *Bivens* complaint against the four unnamed Deputy United States Marshals of the Western District of Louisiana be **DISMISSED WITH PREJUDICE** as frivolous because those claims are also prescribed;

**IT IS FURTHER RECOMMENDED** that plaintiff's *Bivens* complaint against the unnamed employees of the BOP and USMS in Oklahoma City, Oklahoma be **DISMISSED WITHOUT PREJUDICE** as having been filed in a court of improper venue;

**IT IS FURTHER RECOMMENDED** that, to the extent the plaintiff's complaint can be construed to have raised a claim under the FTCA against the unnamed employees of the BOP and the USMS in Oklahoma City, Oklahoma, that claim be **DISMISSED WITHOUT PREJUDICE** as having been filed in a court of improper venue;

**IT IS FURTHER RECOMMENDED** that, to the extent the plaintiff's complaint can be construed to have raised a claim under the FTCA against the four unnamed Deputy United States Marshals of the Western District of Louisiana, that claim be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana July 10, 2014.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**